UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETUATE SEKONA,<br><br>         Plaintiff,<br><br>    v.<br><br>M. FRANCIS, *Registered Nurse at Kern Valley State Prison* and NEGRE, *Registered Nurse at Kern Valley State Prison*,<br><br>         Defendants. | Case No.  1:19-cv-00529-DAD-HBK<br><br>FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT NEGRE'S MOTION FOR SUMMARY JUDGMENT[1]<br><br>(Doc. No. 33)<br><br>FOURTEEN-DAY OBJECTION PERIOD |

Pending before the Court is Defendant Negre's Motion for Summary Judgment filed on October 14, 2020. (Doc. No. 33, "MSJ"). Plaintiff filed an opposition and Defendant filed a reply. (Doc. Nos. 34, 35). For the reasons stated below, the undersigned finds no genuine dispute as to any material facts and recommends Defendant Negre's MSJ be granted.

## I. BACKGROUND

Plaintiff Etuate Sekona ("Plaintiff" or "Sekona"), a state prisoner, initiated this action by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983 on April 24, 2019. (Doc. No. 1). On

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2019).

October 22, 2019, the then-assigned magistrate judge screened the complaint pursuant to 28 U.S.C. § 1915A, finding that Sekona had stated a cognizable claim of medical deliberate indifference against two registered nurses at Kern Valley State Prison – Defendants M. Francis and Negre.  (Doc. No. 13).  Defendants answered the complaint on January 14, 2020.  (Doc. No. 18).

After discovery and in compliance with the modified scheduling order (Doc. No. 25), Defendant Negre ("Negre") timely files the MSJ *sub judice*.[2]  (Doc. No. 33).  In support, Negre submits a statement of undisputed facts (Doc. No. 33-3); Negre's declaration (Doc. No. 33-4 at 1-4); and excerpts from Plaintiff's medical records (Doc. No. 33-4 at 5-7).  Plaintiff's opposition (Doc. No. 34) includes his own declaration (Doc. No. 34 at 8-12) and a statement of "undisputed material facts" (Doc. No. 34 at 13-15).  Defendant replies to Plaintiff's opposition.  (Doc. No. 35).

## II.  APPLICABLE LAW

### A.  Summary Judgment Standard

The "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial."  *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).  Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Summary judgment should be entered "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The moving party bears the "initial responsibility" of demonstrating the absence of a genuine issue of material fact.  *Id.* at 323.  An issue of material fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law."  *Anderson v.*

---

[2] Defendant M. Francis did not move for summary judgment.

2

1  *Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

2      If the moving party meets its initial burden, the burden then shifts to the opposing party
3  to present specific facts that show there to be a genuine issue of a material fact.  *See* Fed R. Civ.
4  P. 56(e); *Matsushita*, 475 U.S. at 586.  An opposing party "must do more than simply show that
5  there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 587.  The
6  party is required to tender evidence of specific facts in the form of affidavits, and/or admissible
7  discovery material, in support of its contention that a factual dispute exists.  Fed. R. Civ. P.
8  56(c); *Matsushita*, 475 U.S. at 586 n.11.  The opposing party is not required to establish a
9  material issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be
10 shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."
11 *T.W. Electrical Serv., Inc. v. Pacific Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir.
12 1987).  However, "failure of proof concerning an essential element of the nonmoving party's
13 case necessarily renders all other facts immaterial."  *Celotex*, 477 U.S. at 323.

14     The court must apply standards consistent with Rule 56 to determine whether the
15 moving party demonstrated there is no genuine issue of material fact and showed judgment to be
16 appropriate as a matter of law.  *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993).
17 "[A] court ruling on a motion for summary judgment may not engage in credibility
18 determinations or the weighing of evidence." *Manley v. Rowley*, 847 F.3d 705, 711 (9th Cir.
19 2017) (citation omitted).  The evidence must be viewed "in the light most favorable to the
20 nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving
21 party.  *Orr v. Bank of America*, NT & SA, 285 F.3d 764, 772 (9th Cir. 2002).  The mere scintilla
22 of evidence is not sufficient to establish a genuine dispute to defeat an otherwise properly
23 supported summary judgment motion.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252.
24 However, where "opposing parties tell two different stories, one of which is blatantly
25 contradicted by the record" courts "should not adopt that version of the facts for purposes of
26 ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).
27     ///
28     ///

               3

### B. Eighth Amendment Medical Deliberate Indifference

The Constitution indisputably requires prison officials to provide inmates with reasonably adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). To hold an official liable for violating this duty under the Eighth Amendment, the inmate must satisfy two prongs, an objective prong and subjective prong. First, the inmate must suffer from a serious medical need (the objective prong); and, second the official must be deliberately indifferent to the inmate's serious medical need (the subjective prong). *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds*, *Peralta v. Dillard*, 744 F.3d 1076, 1082-83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012). A medical need is "serious" if the failure to treat "could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations omitted). The "second prong—defendant's response to the need was deliberately indifferent—is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id*. (internal citations omitted). This standard requires that the prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that person "must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk." *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002). This "subjective approach" focuses only "on what a defendant's mental attitude actually was." *Farmer*, 511 U.S. at 839.

Deliberate indifference is a higher standard than medical negligence or malpractice, and a difference of opinion between medical professionals—or between a physician and the prisoner—generally does not amount to deliberate indifference. *See generally Toguchi v. Chung*, 391 F.3d 1051 (9th Cir. 2004); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (A mere "difference of medical opinion . . . [is] insufficient, as a matter of law, to establish deliberate indifference."). To prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment "was medically unacceptable under the circumstances,"

and was chosen "in conscious disregard of an excessive risk to [the prisoner's] health." *Jackson*, 90 F.3d at 332.

Neither will an "inadvertent failure to provide medical care" sustain a claim. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). Misdiagnosis alone is not a basis for a claim, *see Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012), and a "mere delay" in treatment, "without more, is insufficient to state a claim of deliberate medical indifference," *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). Instead a prisoner must show that a delay "would cause significant harm and that defendants should have known this to be the case." *Hallett v. Morgan*, 296 F.3d 732, 746 (9th Cir. 2002).

### III. ANALYSIS

**A. Allegations of Deliberate Indifference in Plaintiff's Complaint**

The Complaint predicates liability to Negre for deliberate indifferent to Sekona's serious medical need in violation of his Eighth Amendment rights for Negre's refusal to provide Plaintiff with painkillers that had <u>not</u> been crushed and floated in water and refusal to empty Plaintiff's catheter, filled with blood. (Doc. No. 1 at 5-17). Negre served as a registered nurse at Plaintiff's institution, Kern Valley State Prison. (*Id.* at 2 ¶ 2).

According to the Complaint, Plaintiff returned to Kern Valley State Prison on September 19, 2018 following urolift surgery. (*Id.* at 4). After requesting them repeatedly from prison guards, Negre offered Plaintiff painkillers that had been crushed and floated in water. (*Id.* at 5). Plaintiff declined the painkillers because he suffers from a heart condition and he feared Negre was trying to poison him by overdosing him. (*Id.*). When Plaintiff refused to take the painkillers, Negre declined to empty Plaintiff's urine bag despite it being full and bloody, and despite other officers requesting Negra to do so. (*Id.*). Plaintiff contends he experienced great pain for 48 hours because he had no painkillers and could not urinate due to the full urine bag. (*Id.* at 5-7). After two days an unnamed nurse emptied Plaintiff's urine bag. (*Id.* at 7).

///
///
///

**B. Undisputed Facts**

    **1. Defendant's Evidence**

Defendant Negre's MSJ attaches a list of undisputed facts. (Doc. No. 33-3). Each listed fact cites to either Negre's declaration (Doc. No. 33-4 at 1-4) or Plaintiff's excerpted medical records (Doc. No. 33-4 at 5-7). Having reviewed the record, the undersigned finds the following facts to be undisputed.

Negre has served as a registered nurse at Kern Valley State Prison since 2014. (Doc. No. 33-3 at ¶ 1). His primary duties include monitoring inmates' health by conducting rounds, providing prescribed medications, responding to medical emergencies and other requests for care, and communicating the inmate-patient's doctor. (*Id.* at ¶ 3). As a registered nurse, Negre does not have authority to prescribe medication or alter prescriptions or medical treatments but can only communicate an inmate's disapproval with his treatment regimen to the prescribing physician. (*Id.* at ¶ 4).

Negre first encountered Plaintiff on September 19, 2018 at 11:00 p.m. in the Treatment and Triage Area ("TTA") following Plaintiff's urolift surgery earlier that day. (*Id.* at ¶¶ 2, 5). Plaintiff's doctor prescribed him two Tylenol-3 (Tylenol with codeine) tablets to be taken "crushed and floated" three times per day as needed for pain. (*Id*. at ¶ 5 ). Doctors at the prison typically prescribe pain medication to be crushed and floated in water to ensure inmates do not hoard or trade them. (*Id.*). Negre offered Plaintiff the prepared pain medication crushed and floated in water as prescribed by Plaintiff's physician, but Plaintiff refused to take the prescribed painkillers. (*Id.*). Negre did not perceive Plaintiff as being in "distress" and saw "no need" to change Plaintiff's urine bag on September 19, 2018. (*Id.*). Negre had no other interaction with Plaintiff between September 19, 2018 and April 24, 2019. (*Id.*).

Progress Notes from Plaintiff's medical records reveal Plaintiff arrived in the TTA at 11:10 p.m. via wheelchair and was seen by Negre. (Doc. No. 33-4 at 5). Plaintiff requested pain medication stating he was "experiencing 6/10 pain to the pelvic area." (*Id*). Negre reviewed the prescription ordered and offered Plaintiff his first dose of Tylenol-3, crushed, and Plaintiff refused medication and requested "to go to hospital for pain instead." (*Id*). Negre attempted to

educate Plaintiff about the medication but he "became augmentative and agitated." (*Id.*)  Negre offered Plaintiff the medication again but Plaintiff refused and said, "get out off [sic] my face, I don't fuck around." (*Id.*).  Plaintiff was escorted via a wheelchair back to custody "without apparent distress." (*Id.*).  The notation reflects the medical notes were electronically signed less than one hour later, at 12:08 a.m. (*Id.*).

Progress Notes from Plaintiff's medical records dated September 20, 2018 reveal he was seen by another registered nurse at 11:32 a.m. and reported "no issues at this time." (*Id.*).  "Approx 225cc of clear, brown urine was removed catheter. (*Id.*).  No clots or sediments was seen."  The notes make no mention of Plaintiff claiming his bag had not been timely emptied. (*Id.*).

Progress Notes from September 21, 2018 reveal Plaintiff was seen by a different registered nurse and reported "pain during urination," "feeling a little bloated" and "tenderness" in abdomen.  (Doc. No. 33-4 at 7).  Staff advised Plaintiff the orange discoloration in his urine was due to "pyridium" he was taking. (*Id.*).  No sediment or blood was noted in the urine bag or tubing. (*Id.*).

**2. Plaintiff's Evidence**

As the non-moving party, Plaintiff is required to provide affidavits, and/or admissible discovery material demonstrating a factual dispute exists.  Fed. R. Civ. P. 56(c); *Matsushita*, 475 U.S. at 586 n.11.  Summary judgment cannot be avoided by making conclusory allegations unsupported by factual data.  *Arpin v. Santa Clara Valley Transportation Agency,* 261 F.3d 912, 922 (9th Cir. 2001) *(citing Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989)).  Local Rule 260(b) requires that the party opposing summary judgment "reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial."

Plaintiff's opposition (Doc. No. 34) includes Plaintiff's "declaration" (Doc. No. 34 at 8-12), which consists of Plaintiff expressing his disagreements with Defendant's undisputed facts.

Plaintiff's filing does not comply with Local Rule 260 as it does not cite to any evidence underpinning why the facts are disputed.  The filing instead consists of conclusory statements the Ninth Circuit has held cannot form the basis for denying summary judgment.  *Arpin*, 261 F.3d at 922. (9th Cir. 2001).  Plaintiff's declaration accordingly holds little weight when evaluating whether a genuine factual dispute exists.

Plaintiff's declaration claims that he requested painkillers shortly after arriving back at the prison but, despite making multiple requests to prison staff, he was not taken to TTA until six hours later.  (Doc. No. 34 at 8-9).  When Negre arrived with the Plaintiff's painkillers, Plaintiff alleges Negre refused to detail the dosage amount.  (*Id*. at 9-11).  Fearing he would overdose and die, Plaintiff declined to take the painkillers.  (Id.).  Plaintiff disputes that Negre was required to crush and float the painkillers.  (*Id*. at 11).   Plaintiff then reiterates that Negre refused to empty Plaintiff's urine bag despite Plaintiff and prison guards requesting he do so.  (*Id*. at 10).  With a full urine bag and no painkillers, Plaintiff claims he was in extreme pain from the surgery and from his inability to urinate.  (*Id*. at 10, 12).

Plaintiff's opposition includes his own list of "undisputed material facts" which do not cite to any evidence, including his own "declaration."  (Doc. No. 34 at 13-15).  This list primarily recites the allegations in Plaintiff's complaint and declaration, but also includes the allegation that the delay in emptying his urine bag resulted in ongoing prostate, kidney, stomach and blood pressure issues.  (*Id.*).  Because it fails to cite to any evidence, this list offers little probative value.

**3. The Undisputed Material Facts Show Negre Was Not Deliberately Indifferent**

Negre argues he is entitled to summary judgment because the undisputed facts demonstrate Negre provided Plaintiff a reasonable level of care.  (*See* generally Doc. No. 33-2). Mere disagreement with the treatment regimen, Defendant contends, is insufficient to establish deliberate indifference.  (*Id.* at 7 ¶¶ 16-18).

The undersigned first must consider whether Defendant, the moving party, has met his initial burden of showing *prima facie* entitlement to summary judgment on the issue of Plaintiff's medical deliberate indifference claim.  *Celotex Corp.*, 477 U.S at 323.  The *prima facie* elements

of medical deliberate indifference are (1) a "serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain" and (2) that the defendant's "response to the need was deliberately indifferent." *Wilhelm*, 680 F.3d at 1122 (internal quotation marks and citation omitted). The second prong is satisfied by showing "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett*, 439 F.3d at 1096 (internal citations omitted).

The undisputed facts, when viewed in the light most favorable to Sekona, indicate that he had a serious medical need. A serious medical need is evidenced by "the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc). Plaintiff had just been released from surgery and presumably was in pain. A reasonable jury therefore could find that Plaintiff's post-surgery pain constituted a serious medical need.

However, the second prong of medical deliberate indifference – failure to respond to a prisoner's pain, resulting in harm – has not been demonstrated. *Jett*, 439 F.3d at 1096. A defendant "cannot be said to have been indifferent" to an inmate's pain if they took steps to address it." *DeGeorge v. Mindoro*, No. 17-CV-06069-LHK, 2019 WL 2123590, at *7 (N.D. Cal. May 15, 2019). Plaintiff admits that Negre offered him painkillers, but he refused to take them because he believed he would suffer an overdose. But Plaintiff's declaration provides no basis for believing the dosage was excessive beyond the fact that painkillers were crushed and floated, a method for distributing prescriptions previously upheld by the Ninth Circuit. *See Wright v. Swingle*, 482 F. App'x 294, 295 (9th Cir. 2012). While Plaintiff alleges he waited hours before he was offered painkillers, Plaintiff *does not* allege Negre was responsible for that delay.

It is undisputed Plaintiff was offered painkillers to treat his pain following surgery. This offer was sufficient to negate Plaintiff's *prima facie* case for medical deliberate indifference regarding Plaintiff's post-surgery pain. Negre is accordingly entitled to summary judgment on this basis.

Negre is likewise entitled to summary judgment on Plaintiff's deliberate indifference claim for allegedly failing to drain Plaintiff's urine bag. Medical records from the day after Plaintiff's surgery evidence Plaintiff's urine bag was emptied and Plaintiff reported "no issues at this time." (Doc. No. 33-4 at 5). The records are devoid of any indication that Plaintiff's urine bag was full or that he was in severe pain. (*Id.*). The Progress Notes taken by a Kern Valley registered nurse approximately 36 hours after Plaintiff's encounter with Negre indicate there was no blood in Plaintiff's urine bag. (*Id.* at 7). Plaintiff's declaration unsupported by any documentation is the sole evidence that Plaintiff's bag was bloody and full. Where "opposing parties tell two different stories, one of which is blatantly contradicted by the record" courts "should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

Plaintiff claims his urine bag was not emptied from the time he left surgery until the time the nurse emptied the bag 36 hours later. This is disputed by the progress Note dated September 20, 2018, the day after Plaintiff's surgery, that states "225cc[3] of clear, brown urine was removed from the catheter. No clots or sediment seen." (Doc. No. 33-4 at 5). There is no way to reconcile Plaintiff's allegation that the bag was full and bloody and the medical records that state there was no blood in the bag and that Plaintiff expressed "no issues." (*Id.*). A serious medical need must be "apparent" and "obvious." *Gardner v. Las Vegas Metro. Police Dep't*, 831 F. App'x 365, 366 (9th Cir. 2020). If the urine bag was not bloody and full, it would not have been apparent and obvious to Negre the bag needed to be changed. Even accepting as true Plaintiff's allegations that prison guards asked Negre to empty Plaintiff's urine bag, "a difference of opinion … concerning what medical care is appropriate does not amount to deliberate indifference."

---

[3] The court takes judicial notice that 225cc is the equivalent of 7.6 ounces.

*Colwell v. Bannister*, 763 F.3d 1060, 1068 (9th Cir. 2014) (quoting *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012)).

The evidence before the Court overwhelmingly demonstrates that Negre offered Plaintiff pain medication and Plaintiff refused it. Further, the uncontroverted evidence reveals that Plaintiff's urine bag was neither full nor bloody when Negre encountered Plaintiff on September 19, 2018. The Court accordingly finds there is no *genuine* dispute of material facts over whether Negre was deliberately indifferent for declining to empty the urine bag.

Construing the evidence in the light most favorable to Plaintiff, the undersigned finds no evidence to raise a triable issue as to whether Negre was deliberately indifferent for offering Plaintiff the crushed and floated painkillers that were prescribed by a physician and for not emptying Plaintiff's urine bag.[4] The undersigned therefore concludes that Defendant Negre is entitled to summary judgment as a matter of law.

Accordingly, it is **RECOMMENDED**:

1. Defendant Negre's Motion for Summary Judgment (Doc. No. 33) is GRANTED.
2. Judgment be entered in favor of the Defendant Negre.
3. This case proceeds only against Defendant M. Francis.

**NOTICE TO PARTIES**

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

///

---

[4] Negre also argues he is entitled to qualified immunity. (Doc. No. 33-2 at 11-13). Because the Court has found there is no evidence of deliberate indifference, the Court need not address this argument.

Dated:   September 2, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE