1
2
3
4
5
6
7

8             UNITED STATES DISTRICT COURT

9         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  ETUATE SEKONA, | Case No.  1:19-cv-00529-DAD-HBK (PC) |
| 12          Plaintiff, | ORDER SETTING TELEPHONIC TRIAL CONFIRMATION HEARING AND RELATED DEADLINES[1] |
| 13      v. | |
| 14  M. FRANCIS, | ORDER DIRECTING CLERK TO SEND PLAINTIFF A COPY OF LOCAL RULE 281 |
| 15          Defendant. | |
| 16 | **Plaintiff's Pretrial Statement: September 20, 2022** |
| 17 | **Defendants' Pretrial Statement: October 20, 2022** |
| 18 | |
| 19 | **Telephonic Trial Confirmation Hearing: December 12, 2022 at 1:30 p.m.** |

20

21        This matter proceeds on Plaintiff Etuate Sekona's complaint filed pursuant to 42 U.S.C. §

22  1983 on April 24, 2019.  (Doc. Nos 1).  Plaintiff and Defendant did not move for summary

23  judgment.[2]  (*See* Docket).  A settlement in this case resulted in an impasse.  (Doc. No. 51).  The

24  Court now sets a telephonic trial confirmation hearing ("TTCH"), also known as a pretrial

25  conference, before Judge Dale A. Drozd to occur on **December 12, 2022, at 1:30 p.m**.  This

26

27  _____

[1] The Telephonic Trial Confirmation Hearing ("TTCH") is also known as a pretrial conference.  The TTCH will function as a pretrial conference for this action.  *See* Local Rules 280, 282.

28  [2] Only Defendant Negre moved for summary judgment, which was granted.  (Doc. Nos. 33, 37, 41).

Order further directs the filing of pretrial statements and sets other related deadlines.

**PRETRIAL STATEMENTS**

1. The parties shall file Separate Statements. Local Rule 281(a)(1). The Statements shall contain the information set forth in Local Rule 281(b).

2. Plaintiff shall file and serve his pretrial statement as described in this order on or before **September 20, 2022**.

3. Defendants shall file and serve their pretrial statements as described in this order on or before **October 20, 2022**.

4. The Clerk of Court is directed to send Plaintiff a copy of Local Rule 281.

**TELEPHONIC TRIAL CONFIRMATION HEARING**

1. A Telephonic Trial Confirmation Hearing is set for **December 12, 2022 at 1:30 p.m.** The location of the conference, including whether it will be held digitally or in person, will be communicated to the parties by Judge Drozd. If set digitally, the parties will be provided with the Zoom ID and password by Judge Drozd's Courtroom Deputy prior to the conference. The Zoom ID number and password are confidential and are not to be shared. Appropriate court attire is required.

2. Counsel for Defendant is required to contact Plaintiff's institution to arrange for Plaintiff's participation at the TTCH as soon as the Court determines whether the conference will be remotely or in person.

**ATTENDANCE OF WITNESSES FOR TRIAL**

1. At the trial of this case, Plaintiff must be prepared to introduce evidence to prove each of the alleged facts that support the claims raised in the lawsuit. In general, there are two kinds of trial evidence: (1) exhibits and (2) the testimony of witnesses. It is Plaintiff's responsibility to produce all the evidence to prove Plaintiff's case, whether that evidence is in the form of exhibits or witness testimony. In addition to the matters already required to be addressed in the pretrial statement in accordance with Local Rule 281, Plaintiff must make a particularized showing to obtain the attendance of inmate-witnesses. The procedures and requirements for making such a detailed below. Plaintiff is advised that failure to comply with these procedures may result in the

1  preclusion of any or all witnesses named in Plaintiff's pretrial statement.  To call witnesses to

2  testify, Plaintiff must follow the procedures set forth below:

3  **Incarcerated Witnesses Who Agree to Voluntarily Testify**

4  2. An incarcerated witness who agrees voluntarily to attend trial to give testimony cannot

5  come to court unless this Court orders the warden or other custodian to permit the incarcerated

6  witness to be transported to court.  This Court will not issue such an order unless it is satisfied

7  that: (a) the prospective witness is willing to attend; and (b) the prospective witness has actual

8  knowledge of relevant facts.

9  3. Either party intending to introduce the testimony of incarcerated witnesses who have

10  agreed to voluntarily attend the trial must serve and file a written motion for a court order

11  requiring that such witnesses be brought to court at the time of trial.  The motion must: (1) state

12  the name, address, and prison identification number of each witness; and (2) be accompanied by

13  declarations showing that each witness is willing to testify and that each witness has actual

14  knowledge of relevant facts.  The motion should be entitled "Motion for Attendance of

15  Incarcerated Witnesses."

16  4. The willingness of the prospective witness can be shown in one of two ways: (1) can

17  swear personally by declaration under penalty of perjury that the prospective witness has

18  information that the witness is willing to testify voluntarily without being subpoenaed.  In the

19  declaration, the party must state when and where the prospective witness informed him of this

20  willingness; or (2) the prospective witness can sign a declaration under penalty of perjury in

21  which the witness states that he or she is willing to testify without being subpoenaed.

22  5. The prospective incarcerated witnesses' actual knowledge of relevant facts can be

23  shown in one of two ways: (1) if the party has actual firsthand knowledge that the prospective

24  witness was an eyewitness or an ear-witness to the relevant facts, the party can swear by

25  declaration under penalty of perjury that the prospective witness has actual knowledge (e.g., if an

26  incident occurred in Plaintiff's cell and, at the time, the party saw that a cellmate was present and

27  observed the incident, the party may swear to the cellmate's ability to testify); or (2) the inmate-

28  witness  can sign  a declaration under penalty of perjury  in which the inmate-witness describes

3

the relevant facts to which the prospective witness was an eye or ear witness.  Whether the declaration is made by the party or by the prospective witness, it must be specific about the incident, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.  The party must serve and file the declaration made the inmate-witness or by himself.

**Incarcerated Witnesses Who Refuse to Testify Voluntarily**

6.  If a party wishes to obtain the attendance of incarcerated witnesses who refuse to testify voluntarily, the party should serve and file a written motion for a court order requiring that such witnesses be brought to court at the time of trial.  Such motion should be in the form described above.  In addition, the party must indicate in the motion that the incarcerated witnesses are not willing to testify voluntarily.

7.  The Court will review and rule on the motion for attendance of incarcerated witnesses, specifying which prospective witnesses must be brought to court.  Subsequently, the Court will issue the writs necessary to cause the witnesses' custodian to bring the witnesses to court.

8.  A motion for the attendance of incarcerated witnesses, if any, must be filed on or before **September 20, 2022**.  An opposition(s), if any, must be filed on or before **October 20, 2022**.

**Nonincarcerated Witnesses Who Agree to Voluntarily Testify**

9.  It is the responsibility of either party who has secured a nonincarcerated witnesses' voluntary attendance to notify the witness of the time and date of trial.  No action need be sought or obtained from the Court.

**Nonincarcerated Witnesses Who Refuse to Testify Voluntarily**

10.  If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, the witness must be served with a subpoena.  Fed. R. Civ. P. 45.  In addition, the party must tender an appropriate sum of money for the witness.  *Id.*  In the case of an nonincarcerated witness, the appropriate sum of money is the daily witness fee of $40.00 plus the witnesses' travel expenses.  28 U.S.C. § 1821.

11.  If Plaintiff wishes to obtain the attendance of one or more nonincarcerated witnesses,

4

who refuse to testify voluntarily, Plaintiff must first notify the Court in writing of the name and location of each nonincarcerated witness.  The Court will calculate the travel expense for each nonincarcerated witness and notify Plaintiff of the amount(s).  Plaintiff then, for each witness, must submit a money order made payable to the witness for the full amount of the witnesses' travel expenses plus the daily witness fee of $40.00.  The subpoena will not be served upon the nonincarcerated witness by the United States Marshals Service unless the money order is tendered to the Court.  Because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is required even if Plaintiff was granted leave to proceed *in forma pauperis*.  If Plaintiff wishes to have the Marshals Service serve any nonincarcerated witnesses who refuse to testify voluntarily, Plaintiff must submit the money orders to the Court no later than **September 20, 2022**.  In order to ensure timely submission of the money orders, Plaintiff must notify the Court of the names and locations of his or her witnesses, in compliance with the instructions above, no later than **September 20, 2022**.

## CONSENT TO MAGISTRATE JUDGE IS AVAILABLE

District Court Judges of the Fresno Division of the Eastern District of California have among the heaviest caseloads in the nation.  The ongoing pandemic has exacerbated the backlog and as a result it is unlikely a trial date will be set at the TTCH.  The parties can consent to a United States Magistrate Judge conducting all proceedings, including trial and entry of final judgment, pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule 305.  The Eastern District Magistrate Judges, all experienced in trial, use the same jury pool and same court facilities as United States District Court Judges. Since Magistrate Judges do not conduct felony trials, they have greater flexibility and schedule firm trial dates. Judgment entered by a United States Magistrate Judge is appealable directly to the United States Court of Appeal for the Ninth Circuit.  While there are scheduling benefits to consenting to Magistrate Judge jurisdiction, substantive rulings and decisions will not be affected by whether a party chooses to consent or not.  The possibility of consenting may be addressed by the District Judge at the TTCH.

## EFFECT OF THIS ORDER

- Any party unable to comply with the dates outlined in this order shall immediately file an appropriate motion or stipulation identifying the requested modification(s).

- ***The dates set in this order are considered to be firm and will not be modified absent a showing of good cause, even if a stipulation to modify is filed***.  Due to the impacted nature of the civil case docket, this Court disfavors requests to modify established dates.

- The parties are advised that failure to file amended pretrial statements as required by this Order or failure to comply with this Order may result in the imposition of appropriate sanctions, which may include dismissal of the action or entry of default.

Dated:   July 26, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

6