UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETUATE SEKONA,<br><br>        Plaintiff,<br><br>    v.<br><br>M. FRANCIS,<br><br>        Defendant. | Case No. 1:19-cv-00529-ADA-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AND APPOINTMENT OF AN INTERPRETER<br><br>(Doc. No. 67) |

    Pending before the Court is Plaintiff's motion to appoint counsel and appointment of a Tongan interpreter. (Doc. No. 67). Plaintiff, a prisoner, is proceeding pro se on his civil rights complaint filed on April 24, 2019. (Doc. No. 1). The Court granted Plaintiff's application to proceed in this action *in forma pauperis* on May 29, 2019. (Doc. No. 8). Plaintiff seeks appointment of counsel because English is not his primary language. (Doc. No. 67).

    The United States Constitution does not require appointment of counsel in civil cases. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. at 817, did not create a right to appointment of counsel in civil cases). Under 28 U.S.C. § 1915, this court has discretionary authority to appoint counsel for an indigent to commence, prosecute, or defend a civil action. *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint counsel for people unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir. 1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other

citations omitted). However, motions to appoint counsel in civil cases are granted only in "exceptional circumstances." *Id.* at 1181. The court may consider many factors to determine if exceptional circumstances warrant appointment of counsel including, but not limited to, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his or her claims *pro se* in light of the complexity of the legal issues involved. *Id.*; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998).

Plaintiff has not met his "burden of demonstrating exceptional circumstances." *Jones v. Chen*, 2014 WL 12684497, at *1 (E.D. Cal. Jan. 14, 2014). A plaintiff's limited English proficiency "does not constitute an exceptional circumstance." *Garces v. Degadeo*, WL 1521078, at *1 (E.D. Cal. May 22, 2007). Plaintiff has capably filed motions and his complaint has plausibly stated a claim to survive an initial screening. Notably, Plaintiff has successfully litigated his complaint to the point that the instant action is set for trial. Plaintiff has not showed exceptional circumstances warrant appointment of counsel at this stage of the proceedings.

Plaintiff also requests a Tongan interpreter because English is not his primary language. (Doc. No. 67). There are no statutory provisions that authorize "district courts to appoint an interpreter in a civil rights action that is initiated by an indigent state prisoner." *Sekona v. Liazarraga*, 2018 WL 11304911, at *1 (E.D. Cal. Jun. 29, 2018); see also *Gonzalez v. Bopari*, 2012 WL 6569776, at *1 (E.D. Cal. Dec. 17, 2012); *Ruiz v. Stane*, 2022 WL 1490416, at *2 (E.D. Cal. May 11, 2022 ("the *in forma pauperis* statute does not authorize public funds for a court appointed interpreter.") (Citation omitted). When it is clear that a prisoner cannot articulate his claims in English, courts have instead appointed counsel. *Sekona*, 2018 WL 11304911 at *1. (Citations omitted). However, when a "prisoner has some ability to communicate in English, courts have generally declined to appoint counsel on the basis of limited English." *Id.* (citations omitted). While English is not Plaintiff's primary language, he has demonstrated the ability to communicate in English. As stated *supra*, Plaintiff successfully filed multiple pleadings including, a complaint that survived screening, various motions, including responding to a motion for summary judgment, filing objections to findings and recommendations, and a pretrial

statement. Plaintiff was able to participate fully in a settlement conference and has successfully prosecuted this case to the trial stage. Because Plaintiff has been able to successfully articulate his claims in English, the Court does not find a need for an interpreter.

Accordingly, it is **ORDERED**:

Plaintiff's motion for an appointment of counsel and appointment of an interpreter (Doc. No. 67) is DENIED.

Dated:     February 8, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE