UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETUATE SEKONA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>M. FRANCIS,<br><br>　　　　　Defendants. | 1:19-cv-00529-ADA-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS AND TO RECUSE<br><br>(Doc. No. 78) |

Pending before the Court is Plaintiff's motion titled "Off 2 times settlement conference. In bad faith by Counsel of the defendant. Delay of Justice and a Prejudice. Wasted of Resources" filed on April 28, 2023. (Doc. No. 78). The Defendant has not filed any opposition and the time to do so has expired. *See* Local Rule 230(l) (opposition to motions in prisoner actions due within twenty-one days from the date the motion was filed). Liberally construed, Plaintiff seeks sanctions against Defendant in connection with the April 17, 2023 Settlement Conference and seeks a recusal of the undersigned. For the reasons set forth below, Plaintiff's motion is denied.

**Sanctions Against Defendant**

Plaintiff seeks sanctions against Defendant claiming defense counsel took part in the Settlement Conference in bad faith. (Doc. No. 78 at 2). Plaintiff states that he did not request a settlement conference and defense counsel had no intent to settle the case but used the settlement

1

conference to prolong the case and amass more billable hours.  (*Id*.).  Plaintiff offers no evidence to support his allegations.  (*See generally id*.).

On February 9, 2023, the district court set this case for a second settlement conference before the undersigned. (Doc. No. 68); *see also* Local Rule 270(a) ("A settlement conference shall be held in all actions unless otherwise ordered by the Court on objection of a party or for other good cause.").  Neither Plaintiff nor Defendant objected to the second settlement conference pursuant to Local Rule 270(a).

To the extent Plaintiff faults defense counsel for not tendering an agreeable offer, the Court cannot locate any authority that requires a party to make an agreeable offer, or even a counteroffer, during a settlement conference.  Plaintiff offers no evidence, other than his suspicions, that Defendant participated in the settlement conference in bad faith.

**Recusal of Magistrate Judge**

Liberally construed, the motion also appears to request that the undersigned recuse herself due to his belief that the undersigned is bias against him based on the undersigned's discussion with him during the settlement conference about the strengths and weaknesses of his case.  (Doc. No. 78 at 3-6).  Whether a federal judge must recuse oneself is governed by 28 U.S.C. § 455. Title 28 U.S.C. § 455 provides that a "magistrate judge shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned" or "[w]here [she] has a personal bias or prejudice concerning a party."  28 U.S.C. §§ 455(a).  "The standard for judging the appearance of partiality requiring recusal under 28 U.S.C. § 455(a) is an objective one and involves ascertaining 'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'"  *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008); *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1991) (citations omitted).  The "reasonable person" is not someone who is "hypersensitive or unduly suspicious," but rather is a "well-informed, thoughtful observer."  *Holland,* at 913.  "The standard "'must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice.'" *Holland*, 519 F.3d at 913.  The court's analysis is "fact-driven" requiring "an independent

2

examination of the unique facts and circumstances of the particular claim at issue." *Id*. at 914 (citation omitted).  Thus, "except in the "rarest of circumstances," recusal under § 455(a) is limited to "extra judicial source" factors requiring the reason for recusal to be "something other than rulings, opinions formed or statements made by the judge during the course of trial." *Id*. (citing *Liteky v. United States,* 510 U.S. 540, 554–56, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994)).

Applying these principles to the instant matter, the Court declines to recuse herself from this case.  Notably, Plaintiff identifies no reasons, yet alone identifying any extra judicial source factors, to warrant a recusal.  To the extent that Plaintiff argues the undersigned should be recused because the undersigned conducted a settlement conference is unavailing.  This Court's Local Rules permit the undersigned to conduct a settlement conference because the undersigned is not the trial judge.  Local Rule 270(b).  Further, this case, which is set for trial on August 8, 2023, remains subject to adjudication by United States District Judge Ana de Alba, an Article III judge.

According, it is **ORDERED**:

Plaintiff's motion for sanctions and for the undersigned to recuse herself (Doc. No. 78) is DENIED.

Dated:   June 23, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3