UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETUATE SEKONA,<br><br>    Plaintiff,<br><br> v.<br><br>M. FRANCIS,<br><br>    Defendant. | Case No. 1:19-cv-00529-ADA-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER[1]<br><br>(Doc. No. 114)<br><br>FOURTEEN DAY OBJECTION PERIOD |

  Pending before the Court is Plaintiff's motion for a temporary restraining order, filed on October 12, 2023. (Doc. No. 114, "Motion"). For the reasons stated below, the undersigned recommends Plaintiff's Motion be denied.

**I. BACKGROUND**

  Plaintiff Etuate Sekona ("Plaintiff"), a state prisoner confined within the California Department of Corrections and Rehabilitation (CDCR), is proceeding on his pro se civil rights complaint filed pursuant to 42 U.S.C. § 1983. (Doc. No. 1). Plaintiff's case is currently set for trial on his remaining Eighth Amendment deliberate medical indifference claim against Defendant M. Francis. (*See generally* docket). Although labeled as seeking a temporary

---

[1] The undersigned submits these factual findings and recommendations to the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2019).

restraining or protective order, Plaintiff essentially objects to the continuance of his trial date to March 16, 2024 and requests the Court order his two subpoenaed witnesses to keep the Court updated of their addresses in case either is no longer employed at CDCR at the time of trial. (Doc. No. 114 at 1-2). To the extent discernible, Plaintiff argues that the continuance of his trial date violates his Sixth Amendment right to a speedy trial and 14th amendment right to call witnesses. (*Id.*). In an abundance of caution and due to the label of pleading, the Court addresses whether Plaintiff is entitled to a temporary restraining order.

## II. APPLICABLE LAW

Federal Rule of Civil Procedure 65 governs injunctions and restraining orders, and requires that a motion for a temporary restraining order include "specific facts in an affidavit or a verified complaint [that] clearly show that immediate, and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," as well as written certification from the movant's attorney stating "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b). This court's Local Rules also set forth certain procedural mandates for a TRO to issue, including that the movant provide the following documents: (1) a complaint; (2) a motion for TRO; (3) a brief on the relevant legal issues; (4) an affidavit to support the existence of irreparable harm; (5) an affidavit detailing the notice or efforts undertaken or showing good cause why notice should not be given; (6) a proposed TRO and provision for bond; and (7) a proposed order with blank for fixing time and date for a hearing. Local Rule 231(c) (E.D. Cal. 2022).

Temporary restraining orders are governed by the same standard applicable to preliminary injunctions, with the exception that preliminary injunctions require notice to the adverse party. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.,* 181 F.Supp.2d 1111, 1126 (E.D. Ca. 2001); *see also* Fed. R. Civ. P. 65(a). Local Rule 231, however, requires notice for temporary restraining orders as well, "[e]xcept in the most extraordinary of circumstances," and the court considers whether the applicant could have sought relief by motion for preliminary injunction at an earlier date. L.R 231 (a)-(b) (E.D. Ca. 2019). A temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and

preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

A temporary restraining order is "an extraordinary remedy" and may be issued only if plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his/her favor; (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Plaintiff bears the burden of clearly satisfying all four prongs. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). A TRO will not issue if plaintiff merely shows irreparable harm is possible – a showing of likelihood is required. *Id.* at 1131.

The injunctive relief an applicant requests must relate to the claims brought in the complaint. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."). Absent a nexus between the injury claimed in the motion and the underlying complaint, the court lacks the authority to grant plaintiff any relief. *Id.* at 636.

The Prison Litigation Reform Act ("PLRA") imposes additional requirements on prisoner litigants seeking preliminary injunctive relief against prison officials. In such cases, "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *Villery v. California Dep't of Corr.*, 2016 WL 70326, at *3 (E.D. Cal. Jan. 6, 2016). As the Ninth Circuit has observed, the PLRA places significant limits upon a court's power to grant preliminary injunctive relief to inmates, and "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Gilmore v. People of the State of California*, 220 F.3d 987, 998-99 (9th Cir. 2000). The Court's jurisdiction is "limited to the parties in this action" and the pendency of an action "does not give the Court jurisdiction

over prison officials in general or over the conditions of an inmate's confinement unrelated to the claims before it." *Beaton v. Miller*, 2020 WL 5847014, at *1 (E.D. Cal. Oct. 1, 2020).

### III. DISCUSSION

Plaintiff's Motion is procedurally deficient and facially fails to comport with Rule 65 or Local Rule 231. Putting aside the procedural deficiencies, the Motion nonetheless is without merit. "The Sixth Amendment guarantees that, in all *criminal prosecutions*, the accused shall enjoy the right to a speedy trial." *Doggett v. United States*, 505 U.S. 647, 651 (1992) (emphasis added). Plaintiff's is prosecuting a civil rights action against Defendant Francis for deliberate medical indifference under the Eighth Amendment, and thus is not the accused in a criminal action. Therefore, the Sixth Amendment right to speedy trial does not apply.

Further, Plaintiff does not show a likelihood of irreparable harm in the absence of preliminary relief. Plaintiff implies that the continuance of his trial date will hamper his ability to obtain a fair jury trial, and notes that he "losted [sic] of his 2 witnesses already." (Doc. No. 114 at 1). Plaintiff alleges no facts to indicate that a continuance of his trial from October 2023 to March 2024 will impede his ability to ensure the attendance of the two subpoenaed witnesses or set forth any other specific prejudice from the five-month continuance. The U.S. Marshals Service has been attempting to locate Plaintiff's two other witnesses since June 2023; if anything, the delay will permit Plaintiff additional time to potentially locate the two witnesses that the Marshal has been unable to locate. Further "'[s]peculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction.'" *Mester v. Dickinson*, 2010 WL 1658472, *2 (April 23, 2010) (citing *Caribbean Marine Servc. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) (other citations omitted)).

Finally, district courts have "inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254–55 (1936). While the Court is sympathetic to Plaintiff's frustrations due the continuances of his trial date, judges in the Eastern District of California carry the heaviest caseloads in the nation and must prioritize criminal and older civil cases. The Court presumes that since both current subpoenaed witnesses work for

CDCR, should they leave CDCR's employ before Plaintiff's trial commences, CDCR would likely have a forwarding address for their former employees.

Accordingly, it is **RECOMMENDED**:

Plaintiff's motion for a temporary restraining order (Doc. No. 114) be **DENIED**.

## NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (14) days after being served with these findings and recommendations, a party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   October 30, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

5