**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ETUATE SEKONA,<br><br>            Plaintiff,<br><br>      v.<br><br>M. FRANCIS,<br><br>            Defendant. | Case No.  1:19-cv-00529-KES-HBK<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER.<br><br>Doc. 116 |

    Plaintiff Etuate Sekona is a state prisoner proceeding pro se and in forma pauperis in the instant action filed pursuant to 42 U.S.C. § 1983.  Plaintiff brings this action against Defendant Francis, an employee of Kern Valley State Prison, alleging Defendant's deliberate indifference to serious medical needs in violation of the Eighth Amendment.  The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 12, 2023, Plaintiff filed a motion requesting a temporary restraining order ("TRO").  Doc. 114.  On October 30, 2023, the magistrate judge issued findings and recommendations to deny Plaintiff's motion.  Doc. 116.  Plaintiff timely filed objections.  Doc. 117.

    In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of this case.  Having carefully reviewed the entire file, including the objections, the Court finds the findings and recommendations to be supported by the record and by proper analysis.  Plaintiff's motion for a TRO essentially opposed the Court's continuance of his trial

date from October 31, 2023, to March 26, 2024, arguing that the continuance violated his Sixth and Fourteenth Amendment rights. Doc. 114. Plaintiff's motion also requested that the Court order two witnesses to provide updated addresses. *Id.* at 2.

Plaintiff's objections largely restate the allegations made in his motion and do not undermine the magistrate judge's findings and recommendations. *See* Docs. 114, 117. The Sixth Amendment right to a speedy trial applies to criminal defendants, not to Plaintiff's civil action. "[T]he Sixth Amendment does not govern civil cases." *Turner v. Rogers*, 564 U.S. 431, 441 (2011). To the extent Plaintiff asserts a Fourteenth Amendment procedural due process claim, the Court's reasonable continuance of his civil trial due to its impacted docket did not implicate any such right. *See Los Angeles Cnty. Bar Ass'n v. Eu*, 979 F.2d 697, 706 (9th Cir. 1992) (finding no basis in Constitution for rigid right to resolution of civil claims within specific time frame). The findings and recommendations accurately described the Court's need to manage its impacted docket. Since the issuance of the findings and recommendation, the March 26, 2024, trial date was vacated due to the elevation of the prior district judge. The previously vacated Pretrial Conference and Jury Trial dates will now be reset in this case.

Accordingly, it is ORDERED:

1. The findings and recommendations filed on October 30, 2023 (Doc. 116) are ADOPTED in full;

2. Plaintiff's motion for a temporary restraining order (Doc. 114) is DENIED;

3. The matter is returned to the magistrate judge for further proceedings, including the setting of Pretrial Conference and Jury Trial dates in this action.

IT IS SO ORDERED.

Dated:   March 29, 2024

UNITED STATES DISTRICT JUDGE