UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETUATE SEKONA,<br><br>   Plaintiff,<br><br> v.<br><br>M. FRANCIS,<br><br>   Defendant. | No. 1:19-CV-00529-KES-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>ORDER REGARDING REQUEST TO FILE MOTION IN LIMINE<br><br>Docs. 130, 131, 132, 133 |

  Pending before the court are plaintiff Sekona's motion to appoint counsel and motion requesting permission to file a motion in limine. Docs. 130, 131.[1]

  Sekona, a prisoner, is proceeding pro se on his civil rights complaint filed on April 24, 2019. Doc. 1. The court granted Sekona's application to proceed in this action *in forma pauperis* on May 29, 2019. Doc. 8. Sekona's two previous requests for counsel were denied. *See* Docs. 70, 98. Sekona again renews his request for an attorney, asserting generally that he lacks understanding of court rules and procedures as a pro se plaintiff, that English is not his first language, and that he is entitled to counsel under the 14th Amendment to ensure his equal treatment under the law. Doc. 131. Sekona also moves for the court's permission to file a motion in limine. Doc. 130.

---

[1] Sekona filed duplicative copies of his motions. Sekona's motion docketed at Doc. 132 is a duplicate of Doc. 131. Sekona's motion docketed at Doc. 133 is a duplicate of Doc. 130. Accordingly, Doc. 132 and Doc. 133 are stricken as duplicative.

1

## I. ANALYSIS

As an initial matter, the court advises Sekona that, as set out in the amended final pretrial order, he has until July 29, 2024, to file any motions in limine. Doc. 127 at 1, 5. Both parties' motions in limine are due by July 29, 2024; oppositions to the other party's motions in limine are due by August 7, 2024. *Id.* As the court has already granted permission for Sekona to file a motion in limine, he need not request further permission to do so. To the extent Sekona intends his motion filed at Doc. 130 to be a motion in limine, the court will construe it as such and will address it following the above-noted briefing deadlines for motions in limine.

Regarding Sekona's requests for counsel, the United States Constitution does not require appointment of counsel in civil cases. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. 817 (1977), did not create a right to appointment of counsel in civil cases). Under 28 U.S.C. § 1915, this court has discretionary authority to appoint counsel for an indigent party to commence, prosecute, or defend a civil action. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); *see also United States v. McQuade*, 579 F.2d 1180 (9th Cir. 1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (citations omitted). However, motions to appoint counsel in civil cases are granted only in "exceptional circumstances." *McQuade*, 579 F.2d at 1181. The court may consider many factors to determine if exceptional circumstances warrant appointment of counsel including, but not limited to, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his or her claims pro se considering the complexity of the legal issues involved. *Id.*; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *partially overruled on other grounds*, 154 F.2d 952, 954 n.1 (9th Cir. 1998).

Sekona has not met his "burden of demonstrating exceptional circumstances." *Jones v. Chen*, 2014 WL 12684497, at *1 (E.D. Cal. Jan. 14, 2014) (citation omitted). A plaintiff's limited English proficiency "does not constitute an exceptional circumstance." *Garces v. Degadeo*, No. 1:06-cv-01038-LJO-SMS PC, 2007 WL 1521078, at *1 (E.D. Cal. May 22, 2007). As the court noted in its previous order denying counsel, Sekona has capably filed multiple pleadings. *See* Doc. 70 at 2. Sekona's pleadings include a complaint that survived screening;

2

various motions and related pleadings, including a response to a motion for summary judgment; objections to findings and recommendations; and a pretrial statement. *See* docket. Sekona has also participated in multiple settlement conferences and has successfully prosecuted this case through the pretrial stages. *Id.*

"A plaintiff's inability to communicate in English may be considered in determining whether exceptional circumstances warrant appointment of counsel." *Sekona v. Lizarraga*, No. 2:17-cv-0346-KJM-EFB P, 2018 WL 11304911 at *1 (E.D. Cal. June 29, 2018) (citations omitted). However, when a "prisoner has some ability to communicate in English, courts have generally declined to appoint counsel on the basis of limited English." *Id*. (citations omitted). While English is not Sekona's primary language, he has successfully demonstrated his ability to communicate in English during the pendency of this litigation, including at the pretrial conference held on June 17, 2024. Accordingly, Sekona has not shown exceptional circumstances to warrant appointment of counsel.

## II.  CONCLUSION AND ORDER

Accordingly, for the reasons given above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for appointment of counsel (Doc. 131) is DENIED. Plaintiff's request in Doc. 130 for appointment of counsel is also denied.
2. The court will construe plaintiff's motion for request to file a motion in limine (Doc. 130) as a motion in limine and will consider it following the briefing schedule previously set for motions in limine. Plaintiff is reminded that his deadline to file motions in limine is July 29, 2024.
3. Plaintiff's motions at Doc. 132 and Doc. 133 are stricken as duplicative.

IT IS SO ORDERED.

Dated:   July 12, 2024

UNITED STATES DISTRICT JUDGE

3