UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETUATE SEKONA,<br><br>              Plaintiff,<br><br>    v.<br><br>M. FRANCIS,<br><br>              Defendant. | No.  1:19-cv-00529-KES-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR A NEW TRIAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(a)<br><br>Doc. 182<br><br>ORDER DENYING MOTIONS FOR RECORDS AND TRANSCRIPTS TO BE SENT TO THE NINTH CIRCUIT<br><br>Docs. 188, 189 |

**I.   BACKGROUND**

Plaintiff Etuate Sekona ("Sekona"), a California state prisoner, proceeded pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 against Defendant M. Francis ("Francis") for deliberate indifference to his serious medical needs in violation of the Eighth Amendment of the United States Constitution.[1]  A jury trial was held on September 10, 17, and 18, 2024.  The jury returned a unanimous verdict in favor of Francis, and judgment was entered on September 20, 2024.  Doc. 181.  On September 27, 2024, Sekona moved for a new

---

[1] Plaintiff also named registered nurse Negre as a defendant, but at the time of trial, only Francis remained as a defendant in this action.  *See* Doc. 41.

1

1  trial pursuant to Federal Rule of Civil Procedure 59(a),[2] and the motion is now fully briefed.
2  Doc. 182 ("Motion"); Doc. 183 ("Opp'n"); Doc. 187 ("Response").  Sekona also filed motions
3  requesting that his "transcript and records" be sent to the Ninth Circuit.  Docs. 188, 189.  For the
4  following reasons, Sekona's motions are DENIED.

**II.    ANALYSIS**

    **A.    <u>Jurisdiction</u>**

After filing his motion for a new trial on September 27, 2024, Sekona filed a notice of appeal to the Ninth Circuit on October 4, 2024.  *See* Docs. 182, 184.  "As a general rule, a district court is divested of jurisdiction once a notice of appeal has been filed."  *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 654 (9th Cir. 1991).  However, when a notice of appeal is filed after the filing of a motion for a new trial, the notice of appeal becomes effective when the district court enters its order on the motion.  *See* Fed. R. App. P. 4(a)(4)(B)(i).  Thus, the Court has jurisdiction to resolve the motion for a new trial.

    **B.    <u>Motion for a New Trial</u>**

Sekona appears to seek another jury trial on the grounds that (i) the verdict was against the weight of the evidence, (ii) the jury was biased, (iii) the jury was confused by the verdict form and/or the jury instructions, and (iv) defense counsel and/or the Court allegedly committed misconduct, and (v) the Court erred in pretrial rulings denying Sekona's requests for counsel and for an interpreter, and denying his request for sanctions against Francis.  *See generally* Doc. 182.

The Court may grant a new trial on all or some of the issues "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court."  Fed. R. Civ. P. 59(a)(1)(A).  "Historically recognized grounds include, but are not limited to, claims 'that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving.'"  *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 728 (9th Cir. 2007) (quoting *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251

---

[2] Though Sekona's motion references Rule 59(e), which is a motion to alter or amend the judgment, the caption states that he requests another jury trial and the contents of his motion indicate the same.  The Court considers Sekona's motion to be under Rule 59(a) as that provision governs requests for a new trial.

(1940)). The district court has "considerable discretion in granting or denying the motion." *Jorgenson v. Cassiday*, 320 F.3d 906, 918 (9th Cir. 2003). On a new trial motion, a district court has the right and duty "to weigh the evidence as [the court] saw it . . . ." *Murphy v. City of Long Beach*, 914 F.2d 183, 186 (9th Cir. 1990) (internal citation and quotation omitted). "The judge can weigh the evidence and assess the credibility of witnesses, and need not view the evidence from the perspective most favorable to the prevailing party." *Landes Constr. Co. v. Royal Bank of Can.*, 833 F.2d 1365, 1371 (9th Cir. 1987). A motion for new trial should be granted "[i]f, having given full respect to the jury's findings, the judge on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* at 1371–72.

### 1. Sufficiency of the Evidence

Sekona argues that the jury erred in finding that he did not have a serious medical need. Doc. 182. A motion for a new trial may be granted on insufficiency of evidence grounds "only if the verdict is against the 'great weight' of the evidence, or 'it is quite clear that the jury has reached a seriously erroneous result.'" *Incalza v. Fendi N.A., Inc.*, 479 F.3d 1005, 1013 (9th Cir. 2007) (internal citations omitted). "It would amount to an abuse of discretion on the part of the court to grant a new trial on any lesser showing, and the court cannot extend relief simply because it would have arrived at a different verdict." *Chacoan v. Rohrer*, No. 2:05-cv-02276-MCE-KJN, 2012 WL 1021067, at *2 (E.D. Cal. Mar. 27, 2012) (citing *Silver Sage Partner, LTD. v. City of Desert Hot Springs*, 251 F.3d 814, 818–19 (9th Cir. 2001)).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." *Id.* at 1059–60. Other indicators include "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment . . . or the existence of chronic and substantial pain." *Colwell v. Bannister*, 763 F.3d 1060, 1067 (9th Cir. 2014) (quoting *McGuckin*, 974 F.2d at 1059–60). By

establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Sekona claimed at trial that, upon his return to prison from prostate surgery, Francis did not timely and sufficiently provide him with pain medication required to manage his pain. Sekona claimed that his condition created a serious medical need for the pain medication. At trial, the jury answered only the first question on the special verdict form, which asked "Did the plaintiff have a serious medical need on his return to Kern Valley State Prison from his surgery on September 19, 2018?" Doc. 180. The jury selected "No" and rendered its verdict for the defendant. *Id.* Sekona argues that his prostate surgery and his post-surgery condition constituted a serious medical need and that the jury's conclusion otherwise is against the weight of the evidence. Doc. 182 at 1–10.

Sekona fails to establish that the jury's verdict is against the weight of the evidence. In considering the evidence admitted at trial, the jury could have reasonably concluded that Sekona did not face a serious medical need upon his return to prison. The surgery was a same-day outpatient procedure, and Sekona was able to return to the prison that night. PX 106. A progress note reflected that when Sekona arrived at the prison clinic that evening, he claimed to be experiencing pain at a level of 6 out of 10 but was smiling and had "no facial grimacing." *Id.* A nurse prepared and offered Sekona Tylenol with codeine, which Sekona twice refused, and ultimately Sekona left the clinic "without apparent distress." *Id.* The following morning Sekona reported that there were "no issues at this time." *Id.* Though Sekona testified regarding his pain and claimed he had a serious medical need, whether Sekona had such a need was a fact question for the jury to decide. The jury reasonably concluded that Sekona did not face a serious medical need at the relevant time, and the record provides no basis on which to conclude that the jury's verdict was against the weight of the evidence. *See Vlasich v. Nareddy*, No. 1:13-cv-00326-LJO-EPG (PC), 2019 WL 10252750, *1 (E.D. Cal. Apr. 3, 2019) (denying motion for new trial as evidence relating to serious medical need could have gone either way).

**2.     Juror Bias and Conduct**

Sekona alleges generally that the jury must have been biased against him, but he does not

identify any evidence of such alleged bias. *See* Doc. 182 at 14. Sekona's contention that the jury was biased against him is purely speculative and conclusory. *See, e.g.*, Doc. 182 at 12 ("Plaintiff *believes* . . . justice not served. Ask to set aside the decision of the biase[d] jury . . . *I believe* because my lack of English language and different race. It is total discrimination issues.") (emphases added). Without specific evidence of juror bias, Sekona's claim lacks merit.

"Voir dire examination serves to protect [the] right [to an impartial trier of fact] by exposing possible biases, both known and unknown, on the part of potential jurors." *McDonough Power Equipment, Inc. v. Greenwood*, 464 U.S. 548, 554 (1984). "[T]he right to challenge a juror is waived by failure to object at the time the jury is empaneled if the basis for the objection might have been discovered during voir dire." *Robinson v. Monsanto Co.*, 758 F.2d 331, 335 (8th Cir. 1985). Sekona had the opportunity to ask the jury pool questions during voir dire, but he chose not to do so. Sekona also did not move to strike any of the jurors for cause or exercise any peremptory challenges during voir dire. Nor did he, at any point during his trial, register any concerns regarding the jury panel.[3] "[W]here . . . no motion was made during jury selection to dismiss the juror in question for cause, [the moving party] assumes a greater burden: he must show that the evidence of partiality before the district court was so indicative of impermissible juror bias that the court was obliged to strike [the juror] from the jury, even though neither counsel made the request." *United States v. Mitchell*, 568 F.3d 1147, 1151 (9th Cir. 2009). Sekona fails to point to any evidence of juror bias and he is not entitled to a new trial on this basis.

### 3. Verdict Form and Related Jury Instructions

Sekona also argues that the jury must have misunderstood the verdict form, though it is not entirely clear what Sekona bases this on or what argument he is making. To the extent Sekona argues that the wording of the verdict form was confusing, Sekona waived this argument by not objecting to the verdict form at trial. *See Guy v. City of San Diego*, 608 F.3d 582, 587 (9th

---

[3] To the extent Sekona criticizes the jury as not including any medical professionals, his argument also fails as a party is "not entitled to a jury of any particular composition." *See, e.g.*, *Taylor v. Louisiana*, 419 U.S. 522, 538 (1975).

Cir. 2010) (holding that party could not challenge "the wording of the questions submitted to the jury" in verdict form given party did not object to wording at trial).

There is also no evidence in the record that the verdict form caused jury confusion. *See, e.g.*, *Hooper v. County of San Diego*, No. 3:07-cv-1647-JAH-KSC, 2024 WL 1318847, at *7 (S.D. Cal. Mar. 27, 2024), *appeal docketed*, No. 24-2709 (9th Cir. Apr. 29, 2024) (holding assertion of jury confusion not supported where court gave clear directions regarding verdict form in jury instructions, which were read and provided to the jury, and where "jurors did not submit any questions nor was there any indication that they did not understand the law or their duties"). Here, the Court gave clear instructions regarding the verdict form, and the jury did not submit any question indicating they did not understand the law or their duties.

Sekona also appears to argue that the Court erred by providing the jury with a duplicate blank verdict form at the jury's request. During their deliberations, the jury sent a note to the Court stating: "We need a new jury verdict form as we filled out the form not consistent with jury verdict form directions." Doc. 178. A court has "wide discretion" in how to respond to a question from the jury. *Crowley v. Epicept Corp.*, 883 F.3d 739, 750 (9th Cir. 2018) (cleaned up and citations omitted). The court does not commit error when providing the jury with a purely administrative response, as here, by providing an identical blank copy of the verdict form. *Acree v. Minolta Corp.*, 748 F.2d 1382, 1385 (10th Cir. 1984) (providing administrative direction to jury not error).

In his moving papers, it is unclear which jury instruction Sekona objects to, but given that his arguments center on the first question of the verdict form, it appears he may be challenging the adequacy of the jury instruction related to that question, Final Instruction No. 7 (Doc. 176 at 25). At trial, Sekona was provided with a copy of the prepared jury instructions to review and, upon questioning by the Court, he confirmed his agreement with them.[4] As Sekona did not object to this instruction at trial, the Court reviews it for plain error. Where an objection has not been raised, "[a] court may consider a plain error in the instructions . . . if the error affects substantial

---

[4] Sekona additionally indicated in a pretrial filing that he agreed with defense counsel's proposed jury instructions. *See* Docs. 159, 165.

6

rights." Fed. R. Civ. P. 51(d)(2).

Final Instruction No. 7 tracks Model Ninth Circuit Jury Instruction 9.27. The instruction states in relevant part that "the plaintiff must prove the following elements by a preponderance of the evidence: (1) The plaintiff faced a serious medical need; . . ." Doc. 176 at 25. This instruction is consistent with case law that "to meet the objective element of the standard, a plaintiff must demonstrate the existence of a serious medical need." *Colwell v. Bannister*, 763 F.3d at 1066. Accordingly, Sekona has failed to show plain error in this jury instruction.

### 4. Alleged Misconduct by Defense Counsel and/or the Court

Sekona's arguments regarding alleged misconduct by defense counsel and/or the Court are similarly unpersuasive. Sekona faults defense counsel for not calling Francis or any of the other defense witnesses listed in the Court's amended final pretrial order. *See* Doc. 127 at 19 (Amended Final Pretrial Order, Attachment B). Sekona was on notice that the defense might not call Francis as a witness. On the first day of trial, defense counsel indicated that he did not see a need for Francis to testify, but he reserved a decision depending on the presentation of Sekona's case in chief.

Moreover, the defense was not required to call any witnesses. "Listing a witness does not obligate a party to secure the attendance of the person at trial, but should preclude the party from objecting if the person is called to testify by another party who did not list the person as a witness." Fed. R. Civ. P. 26 advisory committee's notes to 1993 amendments, 146 F.R.D. 401, 636 (1993).[5] Sekona elected not to include Francis in his own list of witnesses, *see* Doc. 127 at 18, and he did not seek to call her as a witness in his case.

Sekona's allegations of judicial misconduct similarly lack merit. The provision of an interpreter is a matter of judicial discretion, and the Court had previously determined that Sekona was able to adequately litigate his case without an interpreter. *See* Docs. 70, 98; *see also United States v. Shin*, 953 F.2d 559, 561 (9th Cir. 1992) ("As a constitutional matter, the appointment of

---

[5] "Although the Advisory Committee's comments do not foreclose judicial consideration of the Rule's validity and meaning, the construction given by the Committee is 'of weight.'" *Schiavone v. Fortune*, 477 U.S. 21, 31 (1986).

7

interpreters is within the district court's discretion."). At trial, Sekona was able to convey his points sufficiently clearly to the jury in his testimony and argument; there was no evident confusion due to language ability in Sekona's presentation of the facts or his argument. The Constitution also does not require the appointment of counsel in civil cases, *see Lewis v. Casey*, 518 U.S. 343, 354 (1996), and the Court previously determined that Sekona did not demonstrate any "exceptional circumstances" warranting an exception to this general rule. Doc. 70. Sekona also appears to argue that the Court sustained various objections by defense counsel at trial but overruled an objection by Sekona, but he fails to identify any specific evidentiary ruling that he claims is in error. *See* Doc. 182 at 12. Sekona fails to identify any specific evidentiary error or to show there was a "pervasive climate of partiality or unfairness" at trial. *United States v. DeLuca*, 692 F.2d 1277, 1282 (9th Cir. 1982) (citations omitted).

As to Sekona's assertion that the Court erred in denying sanctions against Francis for her purported delay in serving Sekona with her trial exhibits, the Court addressed these arguments prior to trial and found no basis for sanctions. Docs. 158, 159, 165. The amended final pretrial order required the parties to exchange trial exhibits by August 9, 2024, and set a deadline of August 23, 2024 for the filing of objections to trial exhibits. Doc. 127 at 11. The Court found Francis had already served Sekona with her trial exhibits in July 2023, prior to an earlier trial date that was later continued. Doc. 165 at 2. Francis then provided Sekona with a duplicate set of her trial exhibits on August 28, 2024. *Id.* Sekona nonetheless argued that he could not identify his objections to Francis's exhibits by the pretrial deadline of August 23, 2024, because Francis sent her exhibits to him for the second time only on August 28, 2024. *Id.* However, the Court confirmed to Sekona that "if [he] has objections to defendant's trial exhibits, he may raise such objections at trial." *Id.* As Sekona received the defense exhibits sufficiently in advance of trial and he was able to assert his objections at trial, he fails to show any prejudice or that the Court erred in denying his motion for sanctions.

In summary, Sekona has not identified any evidence demonstrating that the Court abused its discretion in its rulings or that there was attorney misconduct warranting a new trial.

### C. Motions for Records and Transcripts

Sekona additionally requests that his "transcript and records" be sent to the Ninth Circuit and appears to request a copy of the court's docket and scheduling deadlines for filing an appeal brief.[6] Docs. 188, 189. Sekona notes that he proceeded in his case in forma pauperis. *See* Doc. 189.

Requests for transcripts are governed by two separate statutes: 28 U.S.C. § 753(f) and 28 U.S.C. § 1915(c). Pursuant to section 1915(c), there are limited circumstances under which this Court can direct the government's payment of transcripts for a litigant proceeding in forma pauperis. Section 1915(c) provides that "the court may direct payment by the United States of the expenses of . . . printing the record on appeal in any civil or criminal case, if such printing *is required by the appellate court*." (emphasis added). The Ninth Circuit has not yet informed this Court that printing of the record on appeal is required in this action. Accordingly, Sekona is entitled to transcripts provided at the government's expense pursuant to section 753(f), if at all.

Section 753(f) provides, among other things, that "[f]ees for transcripts furnished in [] proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." 28 U.S.C. § 753(f); *see also Henderson v. United States*, 734 F.2d 483, 484 (9th Cir. 1984) (stating court order directing production of transcript at government expense constitutes implicit finding by Court that appeal presents substantial issue). A claim is frivolous if the plaintiff can make no rational argument in law or facts to support his claim for relief. *See Pembrook v. Wilson*, 370 F.2d 37, 39 (9th Cir. 1966). A substantial question is defined as a legal issue that is "reasonably debatable." *See Randle v. Franklin*, No. CV-08-00845-JAT, 2012 WL 201757, at *2 (E.D. Cal. Jan. 23, 2012). "The district court has the power to order a free transcript furnished if it finds that the suit . . . is not frivolous and that the transcript is needed to decide the issue presented . . ." *United States. v. MacCollom*, 426 U.S. 317, 325 (1976); *see also Gray v. Clark*, No. 1:20-cv-0196 JLT SAB, 2023 WL 2789711, *1 (E.D. Cal. Apr. 5, 2023)

---

[6] The Court will direct the Clerk's Office to provide Sekona with a copy of the district court docket in this case.

(denying motions for transcripts for failure to identify substantial, non-frivolous claims).

Sekona's motions do not indicate which specific transcripts he seeks or to which argument on appeal they would be relevant. Nor does he establish that his appeal presents a substantial question. In his notice of appeal, Sekona identifies certain grounds also raised in his motion for a new trial. He questions the composition of the jury and its apparent lack of medical professionals, and he disputes the jury's finding on the first question of the verdict form. *See* Doc. 184 at 2–3. For the reasons discussed above, those arguments do not present a substantial question. The Court declines to order the payment of transcripts at government expense based on Sekona's non-specific request and his failure to identify a substantial issue. Therefore, Sekona's motions for transcripts (Docs. 188, 189) are denied without prejudice.

## III. CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1. Plaintiff's motion for a new trial (Doc. 182) is DENIED; and
2. Plaintiff's motions for transcripts and records (Docs. 188, 189) are DENIED without prejudice.
3. The Clerk of Court shall serve Sekona with a copy of the court docket in this case.

IT IS SO ORDERED.

Dated:   January 8, 2025

UNITED STATES DISTRICT JUDGE

10